UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| JOEL DENNIS CRAFTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 20-096-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| HECTOR JOYNER, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Petitioner Joel Dennis Crafton is a federal prisoner, currently confined at the United States Penitentiary ("USP")-Big Sandy in Inez, Kentucky. Proceeding without an attorney, Crafton has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Through the petition, he seeks to challenge the calculation of his sentence by the Bureau of Prisons ("BOP"). [Record No. 1] The matter is ripe for review.

**I.**

On or around June 20, 2014, Crafton was released from state custody on parole from a sentence imposed in the Benton County Tennessee Circuit Court in Case No. 08-CR-10. [Record No. 10-1 at p. 12] On August 4, 2014, Crafton was arrested by the Benton County Sheriff's Office for charges of attempt to commit first degree murder, aggravated assault-domestic, domestic assault, unlawfully carrying and possession of a weapon, improper passing, reckless driving, financial responsibility, and failure to maintain lane. [Record No. 10, 10-1] On August 6, 2014, a parole violation warrant was executed by Tennessee authorities in Case No. 08-CR-10, and Crafton remained in state custody. [*Id.*]

-1-

On September 15, 2014 (and while in state custody), Crafton was charged in an indictment issued by a federal grand jury with one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g).  *See United States v. Crafton*, No. 1:14-cr-10081-JDB-1 (W.D. Tenn.).  A writ of habeas corpus *ad prosequendum* was issued on September 17, 2014, for purposes of Crafton's federal court appearances.  *Id*.  Meanwhile, on October 22, 2014, Crafton's state charges for attempted first degree murder, aggravated assault-domestic, domestic assault, unlawfully carrying and possession of a weapon, and his traffic-related charges were *nolle prossequi* (i.e., dropped without further prosecution).  [Record No. 10, 10-1]  However, because of Crafton's parole violation in Case No. 08-CR-10, he remained in primary state custody.

Pursuant to a plea agreement with the United States, Crafton pled guilty to the federal § 922(g) charge on December 19, 2014.  *United States v. Crafton*, No. 1:14-cr-10081-JDB-1 (W.D. Tenn.).  On May 18, 2015, he was sentenced in federal court on the § 922(g) conviction to a term of imprisonment of 70 months, to be served consecutively with the state sentence imposed with respect to his parole violation charge in Benton County Circuit Court Docket No. 08-CR-10.  *Id*. at Record No. 38, Judgment.

On May 27, 2015, Crafton was returned to the custody of the Tennessee Department of Corrections to finish his state sentence.  Thereafter, on August 23, 2016, Crafton's state sentence expired and he was transferred to the exclusive custody of the United States Marshals Service ("USMS") to begin service of his federal sentence.  [Record No. 10-1 at p. 3, 19]

The sentence computation prepared by the BOP with respect to Crafton's 70-month federal sentence commences his sentence on August 23, 2016 (the date he was transferred to exclusive federal custody).  [Record No. 10, 10-1 at p. 3, 7]  Crafton was given two days of

prior custody credit for his time in custody on August 4-5, 2014 (the two days that he spent in custody prior to the execution of the parole violation warrant). [*Id*.] According to the BOP, Crafton has earned 135 days of Good Conduct Time and is projected to earn a total of 233 days of Good Conduct Time. [*Id*.] Thus, his current projected release date is October 30, 2021. [*Id*.]

In his § 2241 petition, Crafton challenges the BOP's calculation of his prior custody credits under 18 U.S.C. § 3585(b). Crafton's explanation of the grounds for his claim is vague, thus the basis for his argument is not entirely clear. He appears to argue that, although the BOP contends that his time in custody prior to August 23, 2016 was credited towards his state parole violation sentence, his state sentence had not been determined prior to the date that he was sentenced in federal court. [Record No. 1 at p. 5] In addition, he claims that the "original arrest" (presumably referring to the state attempted murder, domestic assault, and traffic charges that were *nolle prossequi*) was not based on violations of Tennessee law, thus his original parole violation warrant was dismissed and another one issued based on his federal charges. [*Id*.] As a result, he argues that "the federal sentence through its pre-sentence time credit could not have been considered to be awarded toward a state parole violation that had not occurred yet." [*Id*.] He also states that "federal sentences cannot be awarded towards a state court sentence." [*Id*.] And he indicates that the dates "at issue" in his § 2241 petition are from August 6, 2014 (the date that the state parole violation warrant was executed) through May 18, 2015 (the date that he was sentenced in federal court). Thus, he presumably believes that he is entitled to prior custody credit on his federal sentence for his time spent in custody during that period.

After reviewing Crafton's § 2241 petition and the response to that petition, the Court concludes that Crafton's sentence has been correctly calculated and he is not entitled to habeas relief.

## II.

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined by 18 U.S.C. § 3585. This statutory section provides as follows:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

While Crafton seeks credit against his federal sentence for his time spent in custody from August 6, 2014, through May 18, 2015, Crafton was given credit on the state sentence imposed related to his parole violation for his time served from August 6, 2014 (the date that his parole violation warrant was executed) through August 23, 2016 (the date that his state sentence expired and he was transferred to exclusive federal custody). [Record No. 10-1 at p. 12 (indicating the Crafton was "[r]eturned to [state] custody on a violation parole warrant 8-6-14 and parole revoked 8-21-15. Time serve credit 8-6-14 to 8-23-16 when he was released at

the expiration of his sentence to his Federal detainer."); Record No. 10-1 at p. 19 (Letter of Discharge issued by the Tennessee Department of Correction indicating that Crafton was discharged from state custody on August 23, 2016, having completed a sentence of 11 years for Schedule II drugs and was being released to a federal detainer).[1]  Because Crafton's time in custody from August 6, 2014, through August 23, 2016, was credited against his state sentence, Section 3585(b) plainly prohibits counting it a second time against his federal sentence.  *United States v. Wilson*, 503 U.S. 329, 337 (1992) ("... Congress made clear that a defendant could not receive a double credit for his detention time.").  *See also Huffman v. Perez*, No. 99-6700, 2000 WL 1478368 (6th Cir. Sept. 27, 2000); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).

Moreover, Tennessee authorities retained primary jurisdiction over Crafton until Crafton was relinquished to federal custody.  "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person."  *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005).  *See also Ponzi v. Fessenden*, 258 U.S. 254, 260-62 (1922).  Crafton does not dispute that he was first taken into custody by state officials after the execution of the parole violation warrant on August 6, 2014.  Thus, Tennessee had primary jurisdiction over Crafton.

Primary jurisdiction continues until a sovereign specifically relinquishes it, generally through release on bail, dismissal of charges, parole, or expiration of the sentence.  *Cole*, 416 F.3d at 897.  A temporary transfer of a state prisoner into federal custody through a writ of habeas corpus *ad prosequendum* will not subordinate the state's primary jurisdiction.  *Rios v.*

---

[1] Crafton was provided an opportunity to reply to Respondent's brief and the documents submitted in support [Record No. 8] but did not to do so.

*Wiley*, 201 F.3d 257, 274 (3d Cir. 2000) ("[A] prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner.") (superseded on other grounds by statute as recognized in *United States v. Saintville*, 218 F.3d 246 (3d Cir. 2000)). Thus, because Tennessee maintained primary jurisdiction over Crafton while he was in the custody of the United States Marshals for purposes of his federal proceedings pursuant to a writ of habeas corpus *ad prosequendum*, he was simply "on loan" to the federal authorities and primary jurisdiction over him remained with the State of Tennessee.

Likewise, it is not significant that Crafton's parole was not officially revoked until August 21, 2015, after he was sentenced in federal court. "The general rule as to place of incarceration is that regardless of the order in which sentences are imposed, the sentence of the sovereign which has primary jurisdiction over the defendant is served first." *Shumate v. United States*, 893 F. Supp. 137, 139 (N.D.N.Y. 1995). *See also Jones v. Eichenlaub*, No. 08-CV-13624, 2010 WL 2670920, at *2 (E.D. Mich. 2010)) (*citing Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992)) ("A consecutive [federal] sentence imposed on a defendant already in state custody … cannot commence until the state authorities relinquish the prisoner on satisfaction of the state obligation."). Thus, regardless of the order in which his sentences may have been imposed, Crafton was required to serve the sentence of the sovereign with primary jurisdiction first (in this case, the State of Tennessee).

Because Crafton received credit against his state sentence for his time in custody from August 6, 2014, through August 23, 2016, and because the State of Tennessee did not act to relinquish its jurisdiction over Crafton until August 23, 2016 (i.e., the date that he was released

to his federal detainer), the BOP has properly denied Crafton's request for additional prior custody credits under § 3585(b). Accordingly, it is hereby

**ORDERED** as follows:

1. Crafton's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: November 18, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky